TRANSMITTAL OF DEFENDANT'S PAPER FILING

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
SEP 23 2026
ERIK PALTROW
CLERK OF COURT

To:
Clerk of Court
United States District Court
District of New Mexico

Re: United States v. Poetry Lee Royal
Case No. 5:25-cr-03100-MIS

Enclosed for filing in the above-captioned criminal matter is Defendant Poetry Lee Royal's Motion for Hearing Regarding Counsel, Request for Substitute Counsel, and Preservation of Sixth Amendment Rights, together with Defendant's original signed handwritten statement reproduced as Exhibit A.

The enclosed handwritten statement is Defendant's signed statement. The typed motion is provided to present the matters raised by Defendant in a clear and organized format.

Please docket the enclosed filing in the above-captioned case and associate Exhibit A with the motion.

The physical original of Defendant's handwritten statement is being retained and is not enclosed.

Thank you for your attention to this filing.

Respectfully,

Judith Picman
Mailing the filing at Defendant's request

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

POETRY LEE ROYAL,
Defendant.

Case No. 5:25-cr-03100-_____

## DEFENDANT'S MOTION FOR HEARING REGARDING COUNSEL, REQUEST FOR SUBSTITUTE COUNSEL, AND PRESERVATION OF SIXTH AMENDMENT RIGHTS

## NOTICE REGARDING DEFENDANT'S SIGNED STATEMENT

Defendant Poetry Lee Royal submits the matters set out below together with his original handwritten statement, attached as Exhibit A. Exhibit A is Defendant's original signed statement. The accompanying

typed version is provided to present Defendant's allegations and requests in a clear and organized format. The typed version is not intended to replace Defendant's original signed statement.

## I. FACTUAL BASIS

1. Defendant retained attorney Todd Bullion to represent him in this matter and paid approximately $20,000 for his representation.

2. Following his retention, Defendant experienced repeated difficulties communicating with counsel. His telephone calls and messages frequently went unanswered.

3. On or about September 4, 2024, Mr. Bullion failed to appear for Defendant's arraignment.

4. On or about September 13, 2024, Defendant states that counsel waived his probation and bond interview without his authorization. Defendant believes this prevented him from providing information concerning his circumstances that could have been relevant to the proceedings.

5. Defendant was subsequently advised that the Government would provide full discovery in exchange for waiving the preliminary hearing. Defendant states that the promised discovery was not provided. He was instead advised that a motion would be necessary to obtain discovery and that doing so could potentially affect plea negotiations.

6. On January 3, 2025, counsel presented Defendant with a proposed plea agreement calling for 120 months of imprisonment. Defendant declined the agreement and stated that he wished to proceed to trial.

7. On January 5, 2025, counsel advised Defendant that the Government had agreed to terms that Defendant was willing to accept. Defendant states that counsel thereafter failed to communicate with him for an extended period, until approximately May 2025.

8. When communication eventually resumed, the terms previously discussed were no longer available. Defendant alleges that counsel had inaccurately represented or conveyed the terms that the Government had agreed to. Defendant further states that the delay in communication materially affected his ability to make an informed decision concerning whether to plead guilty or proceed to trial.

9. Defendant states that counsel repeatedly advised him that he would lose if he proceeded to trial and continued to encourage him to resolve the case by plea, despite Defendant's repeated requests that counsel investigate the facts, pursue relevant evidence, and prepare for trial.

10. Defendant repeatedly requested that counsel investigate the facts of the case, pursue evidence Defendant identified, and prepare for trial. Defendant states that these requests were not adequately addressed and that counsel failed to provide the level of trial preparation Defendant requested.

11. On June 1, 2026, defense counsel Todd Bullion failed to appear for Defendant's scheduled sentencing proceeding. The Court's docket reflects counsel's nonappearance, the continuance of the sentencing proceeding, and the Court's issuance of an Order to Show Cause concerning counsel's failure to appear.

12. The docket presently contains no subsequent entry reflecting counsel's response to the Order to Show Cause, any explanation submitted by counsel, or the Court's disposition of that matter. Defendant therefore

does not allege that counsel failed to respond; rather, the available docket does not disclose whether a response was submitted or how the Court addressed it.

13. Defendant further alleges that counsel failed to adequately investigate the facts of the case, failed to pursue evidence Defendant identified, failed to adequately prepare his defense, and repeatedly urged Defendant to resolve the case by plea despite Defendant's requests for investigation and preparation for trial.

14. Taken together, Defendant states that these circumstances have resulted in a serious and continuing breakdown in the attorney-client relationship and have substantially impaired meaningful communication between Defendant and counsel.

## II. LEGAL STANDARD

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.

The Supreme Court established the general standard for ineffective assistance in Strickland v. Washington, 466 U.S. 668 (1984). A defendant must ordinarily establish deficient performance and resulting prejudice.

The present motion, however, also concerns Defendant's separate right to request substitute counsel when there has been a serious breakdown in the attorney-client relationship.

The Tenth Circuit has held that a defendant seeking substitution of counsel must demonstrate good cause, which may include a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict. United States v. Lott, 310 F.3d 1231, 1249–50 (10th Cir. 2002).

The Tenth Circuit has also recognized that sufficiently specific, factually based allegations concerning a breakdown in communication may warrant an inquiry by the district court.

## III. PLEA NEGOTIATIONS

Defendant's concerns also involve counsel's handling and communication of plea negotiations.

The Supreme Court has specifically recognized that the Sixth Amendment right to effective assistance applies during plea negotiations.

In Missouri v. Frye, 566 U.S. 134, 145–47 (2012), the Supreme Court held that defense counsel has a duty to communicate formal plea offers to a defendant so that the defendant can make an informed decision before an offer expires.

Similarly, Lafler v. Cooper, 566 U.S. 156 (2012), recognizes that the Sixth Amendment applies to a defendant's consideration of plea offers and that deficient legal advice during plea negotiations may constitute ineffective assistance when the required prejudice is established.

Defendant does not ask this Court at this stage to make a final determination of ineffective assistance. Rather, Defendant requests that the Court recognize the seriousness of the allegations and conduct whatever inquiry is appropriate to determine whether continued representation by Mr. Bullion is consistent with Defendant's constitutional rights.

## IV. GOOD CAUSE EXISTS FOR AN INQUIRY AND CONSIDERATION OF SUBSTITUTE COUNSEL

Defendant's allegations are not based merely upon a disagreement concerning trial strategy. The concerns presented include:

- repeated failures to communicate;
- failure to appear at court proceedings;
- alleged waiver of a proceeding without Defendant's authorization;
- failure to obtain or provide discovery as represented;
- inadequate communication concerning plea negotiations;
- alleged inaccurate communication concerning Government plea terms;
- repeated advice that Defendant would lose at trial;
- alleged failure to investigate evidence identified by Defendant;
- inadequate trial preparation; and
- documented failure to appear at sentencing, resulting in an Order to Show Cause.

Taken together, these allegations describe a pattern of conduct, rather than a single disagreement between Defendant and counsel.

Defendant respectfully submits that these circumstances warrant an inquiry by the Court into whether meaningful communication and effective representation remain possible.

## V. REQUEST FOR RELIEF

WHEREFORE, Defendant Poetry Lee Royal respectfully requests that this Court:

1. Conduct a hearing or inquiry concerning Defendant's allegations regarding his representation by Todd Bullion;

2. Determine whether the attorney-client relationship has suffered a complete or substantial breakdown in communication;

3. Determine whether good cause exists for substitution of counsel;

4. If appropriate, permit Defendant to obtain substitute counsel or appoint substitute counsel consistent with applicable federal law;

5. Ensure that Defendant has meaningful representation during any remaining proceedings;

6. Preserve Defendant's ability to raise appropriate claims concerning ineffective assistance of counsel in the proceeding authorized by law; and

7. Grant such other relief as the Court determines is just and appropriate.

Defendant's original signed handwritten statement is attached as Exhibit A.

# EXHIBIT A
# DEFENDANT'S ORIGINAL HANDWRITTEN STATEMENT

High-quality copies of the three original handwritten pages are reproduced below. The physical original is retained by the sender.

UNITED STATES

V. Case NO.

Poetry L. Royal III

Please accept this Motion to be on and for the record.

I Poetry L. Royal III am filing this motoin of ineffective assistance of council agiaust attorney Todd Bullion Pro-se.

1) Attorney Todd Bullion has failed to perform his duties as an effective assistance of council, which is garanteed to the defendant by the Sixth amendment. Mr. Bullion accepted a payment of 20,000 dollars to represent myself Poetry L. Royal III in a jury trial, which Mr. Bullion agreed. Shortly after the payment of 20,000 dollars Mr. Bullion failed to answer phone calls, text messages, and even failed to appear at the arraingment, on Sept 9th, 2024.

2) A few days later on or about the 13th of Sept. 2024. Mr. Bullion waived my Probation and Bond interiew with-out my permission, which denied me an opportunity to present my previous well doings to Judge Richard ? in the magistate court, On the morning of my preliminary hearing Mr. Bullion informed me that the district attorney had agreed to give us full discovery in exchange for a waiver of the preliminary hearing, which I was very reluctant to agree. Mr Bullion convenced me that this

would be the best, and maybe only opportunity to recieve full brady material, which would better prepare our - opportunity to prepare for trial. This agreement and promise however was not fullfilled. Mr. Bullion has still not sent me any of the discovery to this very day, and claims to have sent partial discover to a family member of mine, which was not the agreed deal. Mr. Bullian has advised me that he would have to file a motion to obtain full disclosure of Brady materials. Mr. Bullian then advise me that any such motion would prevent the D.A. from a plea offer, Mr. Bullian further claimed that any motion filed would take away a plea option, which is misleading and shows evidence of an assent of non-performance, by Mr. Bullian.

3) On Jan 3rd 2025 Mr Bullian demanded I sign a 120 month plea, which I refused, and demanded we go to trial, On Jan 5th 2025 Mr. Bullian notified me that the D.A. agreed to the terms that I was willing to accept and plea to, However, Mr. Bullian failed to communicate or answer his phone until May of 2025. The terms of the agreement preffered on Jan 5th had changed and Mr Bullion then claimed "Maybe the D.A. misunderstood me." The advice given to me by Mr. Bullian to take a plea was bad advice because Mr. Bullian lied to me about what the D.A. had agreed to, and because Mr. Bullian knew the speedy clock had run out, and failed to inform me of this information, instead he hammered me to take

a plea, and refused to prepare for jury trial as continually requested by me. Mr. Billion intentionally frustated my efforts to persue justice in a jury trial by continually telling me I would lose in trial, and even further telling me I would lose all appeals, And this comes after Mr. Billion convinced me to give him 20,000 dollars to represent me in a trial that he said he could easily win.

4) On June 1st 2026 Mr. Billion failed to appear at my sentencing hearing violating my Sixth ammendmant right and also making this the second failure to appear without notifying myself or the Courts. Mr. Billion has also failed to set up a pre sentence report that I may present at a hearing, Mr. Billion failed to adequately investigate the facts of the case before advising me to plea guilty, Mr. Billion completly ignored his duty to conduct an independant investigation, by refusing to ask for evidence requested by the defendant. Mr. Billion deliberatly failed to prepare for trial, failed to provide timely services, failed to communicate effectively, failed to protect against ambush, failed to show up for representation. Not only has this frustrated the efforts of the defendant, but has caused an extreme emotional disturbance. These failures are clearly a show of ineffective assistance of council, And I Paetry L. Royal Jr am asking the court to rule as such, and demand the Council to return portion of payment required by law for violation of these duties required by the Sixth ammendmant, So that I may be able to pirsue new council.

Respectfully submitted this 7th day of July 2026.

[signature]